UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY J. HARRISON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-00014-ERW |
| | ) | |
| SSM AUDRAIN HEALTH CARE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint [33] and Defendant's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint [19].

**I.  BACKGROUND**

Plaintiff Mary J. Harrison filed a charge of discrimination with the EEOC on November 25, 2016, alleging Defendant SSM Audrain Health Care, Inc, violated the Age Discrimination in Employment Act (ADEA) by terminating Plaintiff so it could replace her with a younger employee. On March 10, 2017, she filed her original Complaint [1] with this Court. She filed her first amended complaint on July 12, 2017, erroneously titling it her Second Amended Complaint [16], and included a "Public Policy Wrongful Discharge Claim" as Count II. Under Count II, Plaintiff alleged Defendant terminated Plaintiff "in retaliation for her complaints about discrimination in violation of the ADEA and/or her reporting of ethical and legal violations in the workplace." Defendant filed an Answer to Second Amended Complaint [21] and a Motion to Dismiss Count II of Plaintiff's Second Amended Complaint [19] on July 26, 2017, arguing

1

Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff amended her complaint for a second time and filed it on August 11, 2017, erroneously titling it her Third Amended Complaint [25]. In this amended complaint, Plaintiff clarifies Count II, asserting "Defendant terminated Plaintiff in retaliation for her complaints about age discrimination in violation of the ADEA and her reports of inadequately maintained equipment and hazards to patient safety in violation of 42 CFR 482.41." Plaintiff also filed a Memorandum in Opposition to Defendant's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint [26] on August 15, 2017, stating only, "Plaintiff believes that all issues raised in Defendant's Motion to Dismiss relating to the sufficiency of her pleadings in demonstrating a Clear Mandate of Public Policy have been addressed and resolved by plaintiff's Third Amended Complaint."

In its Reply in Support of its Motion to Dismiss [31], Defendant argued this Court should not consider Plaintiff's Third Amended Complaint because it was not properly before the Court and "does not cure the deficiencies in the Second Amended Complaint." On August 31, 2017, this Court found Plaintiff's Third Amended Complaint did not properly adhere to the requirements of Rule 15(a)(2) of the Federal Rules of Civil Procedure, which requires Plaintiff to obtain the Court's leave or consent from Defendant in order to file a complaint for a second time. The Court ordered Plaintiff file a motion for leave to file an amended complaint [32]. Plaintiff filed her Motion for Leave to file Second Amended Complaint [33] on September 8, 2017, acknowledging she previously erred in titling her first and second amended complaints and requesting leave from this Court to file the amended complaint she had originally labeled her "Third Amended Complaint" as her "Second Amended Complaint." Defendant opposes

2

Plaintiff's Motion for Leave to file Second Amended Complaint [35], arguing the proposed amendment is futile because it could not survive a motion to dismiss and reiterating it has already moved to dismiss Count II of Plaintiff's first amended complaint.

## II. STANDARD

"[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). The standard for denying a motion to amend because of futility is stringent. *Gross v. Se. Hosp. Ass'n*, 1:15-cv-00181 (AGF), 2016 WL 7033753, at *1 (E.D. Mo. Dec. 2, 2016). "[A] party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses." *Id.*

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.* Though leave to amend should generally be freely granted, it should be denied when the amendment would be futile. *See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir.2005). "In the context of a motion to amend, 'futility' means the inability to withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Halsne v. Avera Health*, No. 12–cv–2409 (SRN/JJG), 2013 WL 3088588, at *5 (D. Minn. June 18, 2013) (citing *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir.2008)). In order to withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, which, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted).

## III. DISCUSSION

Here, Defendant argues Count II of Plaintiff's first amended complaint [16] should be dismissed and Plaintiff should not be permitted leave to file her second amended complaint [25] which solely amends Count II because she failed to exhaust her administrative remedies with respect to that claim and is not permitted to include it in this lawsuit. "Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA." *Anderson v. Durham D&M, LLC*, 606 F.3d 513, 523 (8th Cir. 2010). To satisfy this exhaustion requirement, "[t]he information given in a [ ] ... charge [of discrimination] must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court." *Wallace v. DTG Operations, Inc*., 442 F.3d 1112, 1123 (8th Cir.2006). However, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Cottrill v. MFA, Inc*., 443 F.3d 629, 634 (8th Cir.2006) (internal quotation marks and citation omitted). Allegations outside the scope of those included in the EEOC charge cannot be later pursued in a party's federal lawsuit. *Robertson v. Budrovich Excavating, Inc.*, No. 4:05-cv-616 (ERW), 2006 WL 2460794, at *5 (E.D. Mo. Aug. 23, 2006).

This Court agrees Plaintiff failed to exhaust her administrative remedies with respect to Count II of both her first amended complaint [16] and her proposed second amended complaint [25]. Though purported as a claim for "Public Policy Wrongful Discharge," Count II is clearly an attempt by Plaintiff to assert a claim of retaliation not included in her original charge with the EEOC. In her EEOC charge, Plaintiff checked "discrimination" and did not check the box labeled "retaliation" when noting which charges she was bringing before the EEOC. In the

particulars of her charge, Plaintiff only alleged she was fired so Defendant could replace her with a younger employee. Thus, because Plaintiff's charge included only allegations of age discrimination and did not allude to any retaliation by Defendant, Plaintiff's claim of retaliation is foreclosed because she failed to exhaust her administrative remedies. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.") (quoting, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Accordingly,

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss Count II [19] is **GRANTED**. Count II of Plaintiff's first amended complaint [16] is dismissed without prejudice.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File Second Amended Complaint [33] is **DENIED**.

So Ordered this 3rd day of October, 2017.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**