UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY J. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:17 CV 0014 ERW |
| | ) | |
| SSM AUDRAIN HEALTHCARE, INC., | ) | |
| d/b/a SSM HEALTH ST. MARY'S | ) | |
| HOSPITAL – AUDRAIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

Plaintiff Mary J. Harrison brings this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., alleging that Defendant SSM Audrain Healthcare Inc., d/b/a SSM Health St. Mary's Hospital – Audrain ("SSM"), has unlawfully discriminated against her on account of her age. This matter is now before the Court on Defendant's motion for summary judgment. For the reasons set forth below, Defendant's motion for summary judgment will be granted.

### Procedural Background

Plaintiff, a laboratory professional at Defendant SSM, was terminated on April 5, 2016. After Plaintiff's employment was terminated, she filed a charge of discrimination with the EEOC on November 25, 2016. In her charge, Plaintiff alleged discrimination based upon her age. Specifically, Plaintiff stated Defendant violated the Age Discrimination in Employment Act (ADEA) by terminating Plaintiff so it could replace her with a younger employee. The EEOC issued a notice of right to sue to Plaintiff and on March 10, 2017, she filed her original complaint with this Court, asserting one count of age discrimination in violation of the ADEA. Plaintiff

1

filed an amended complaint on July 12, 2017.[1]  On March 28, 2018, this Court granted Plaintiff's counsel's motion for leave to withdraw.  Plaintiff subsequently failed to obtain counsel in accordance with the deadlines imposed by the Court, and therefore, is now proceeding pro se.

On September 10, 2018, Defendant filed its Motion for Summary Judgment.  Pursuant to Local Rule 7 – 4.01(F), Plaintiff's opposition to Defendant's Motion for Summary Judgment was due on October 1, 2018.  On October 31, 2018, after Plaintiff failed to respond to Defendant's Motion for Summary Judgment, the Court entered an Order requiring Plaintiff to show cause why Defendant's Motion should not be granted no later than November 29, 2018.

On November 30, 2018, the Court received a document titled "Plaintiff's Motion for Summary Judgment" (ECF No. 60).  On December 3, 2018, Plaintiff filed a second "Motion for Summary Judgment" (ECF No. 61).  Plaintiff's second motion included additional facts and corrected the illegible portions contained in the first submission.  Although the motions are styled as seeking summary judgment, they do not ask the Court to grant this type of relief.  Instead, they appear to constitute Plaintiff's response in opposition to Defendant's Motion for Summary Judgment.  Also now pending before the Court is Defendant's motion to strike Plaintiff's response in opposition.  Defendant argues the response was untimely filed and fails to comply with Federal Rule of Civil Procedure 56 and Local Rule 7 – 4.01.

**Summary Judgment Standard**

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-

---

[1]Plaintiff added a retaliation claim not included in her original charge with the EEOC as Count II in her amended complaint.  The Court dismissed Count II as Plaintiff had failed to exhaust her administrative remedies.

23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). The Court must view the evidence in the light most favorable to the nonmoving party and accord her the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007).

Initially, the moving party must demonstrate the absence of an issue for trial. *Celotex,* 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in her pleadings or in general denials of the movant's assertions, but must instead come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 324; *Torgerson,* 643 F.3d at 1042. Federal Rule of Civil Procedure 56(c)(1) requires a party asserting a fact cannot be or is genuinely disputed to support such assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

If the nonmoving party fails to properly address an assertion of fact made by the movant, the Federal Rules of Civil Procedure permit the Court to consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). The Local Rules of this Court, however, require it. Under Local Rule 7 - 4.01(E), moving parties must include a statement of uncontroverted material facts with their memorandum, with citations to the record if the fact(s) are established by the record. The Rule further states that:

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment*

3

*unless specifically controverted by the opposing party.*

E.D. Mo. L.R. 7 - 4.01(E) (emphasis added). Under Local Rule 7 - 4.01(F), a party opposing summary judgment is required to file "any appropriate documentary evidence" with their opposition brief.

As an initial matter, the Court notes that not only did Plaintiff untimely submit her response in opposition,[2] but the response does not comply with this Court's Local Rule 7 - 4.01(E). Specifically, it does not contain a statement of material facts as to which Plaintiff contends a genuine issue exists. Although it has a section titled "Facts," several of the facts contained therein are also included in Defendant's Statement of Undisputed Material Facts, so they are not disputed. Moreover, with regard to the facts contested by Plaintiff, she fails to provide citation to the record or appropriate documentary evidence to support her assertions as required under Local Rule 7 - 4.01(E). The Court acknowledges that Plaintiff is proceeding without the assistance of professional counsel, however, "a pro se plaintiff must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005).

Thus, as Plaintiff did not controvert the facts set out in SSM's Statement of Undisputed Material Facts (ECF No. 58) in the manner required under Local Rule. 7 - 4.01(E), these facts are deemed admitted. *See Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D. Mo. L.R. 7 - 4.01(E)). The Court will summarize the undisputed factual assertions relevant to Defendant's motion for summary judgment in the next section.

---

[2] As noted above, Plaintiff filed two documents with the court styled as "Plaintiff's Motion[s] for Summary Judgment," which instead appear to constitute Plaintiff's responses in opposition to Defendant's motion for summary judgment. Because the second document corrects the illegibility contained in the first averment and adds four additional paragraphs to the fact section, the Court will consider only the second document (ECF No. 61) as Plaintiff's response in opposition.

**Evidence Before the Court on the Motion**

The following facts are deemed admitted for purposes of this summary judgment motion: Plaintiff is a former employee of Defendant SSM where she began working as a Lab Assistant in June 1979. When Defendant SSM acquired the facility where Plaintiff worked in 2103, she was employed as a Lab Supervisor. Her duties included testing patient specimens and supervising the day-to-day operations of the lab. Plaintiff was also responsible for quality control in the chemistry area of the lab. As part of her quality control responsibilities, Plaintiff was required to complete a calibration/verification every six months to evaluate the accuracy of the testing done in that section of the lab.

In 2014, SSM restructured the lab, creating a Lab Manager position and eliminating the Lab Supervisor position held by Plaintiff. Pursuant to the restructuring, Plaintiff began reporting to Fred Schumann, the new lab manager, and Plaintiff's job title changed from Lab Supervisor to Medical Technologist. Plaintiff's pay and benefits did not change and her job responsibilities remained the same, except that she no longer had supervisory authority. She continued to be responsible for testing specimens and quality control.

Shortly after Schumann became Lab Manager, he discovered Plaintiff had not completed a procedure manual or her quality control duties, including the six-month calibration/verification. In December 2014, Schumann gave Plaintiff a two-week deadline to complete the calibration/verification. Plaintiff did not meet this deadline. In February 2015, Schumann assigned Plaintiff "desk time" to give her further opportunity to complete the calibration/verification. Schumann also permitted Plaintiff to enlist assistance from other lab employees. Nevertheless, she did not complete the testing and, pursuant to SSM's Corrective Action policy, Plaintiff was issued a "documented verbal warning" on February 12, 2015, for her

failure to complete the calibration/verification and the procedure manual. Under SSM's Corrective Action policy, there are three progressive steps of discipline that managers may utilize before terminating an employee: documented verbal warning, written warning, and final warning.

Around the same time Plaintiff received her verbal warning, several employees expressed concern to Schumann about how Plaintiff was treating them. Schumann observed Plaintiff exhibiting unprofessional conduct toward her fellow employees and spoke to Plaintiff multiple times about this issue. After a short period of improvement, Plaintiff again began to exhibit unprofessional conduct toward her co-workers. As a result, Schumann issued Plaintiff a written warning on July 20, 2015.

A few months later, in October 2015, Schumann again addressed Plaintiff's failure to complete the calibration/verification. He arranged for coverage in the lab and assigned Plaintiff desk time to complete the task. When Plaintiff failed to complete the calibration/verification, Schumann issued her a final warning on November 13, 2015. The following month, Plaintiff applied for a new position opening at the lab. Pursuant to the Corrective Action policy, employees on a written or final warning are not eligible to transfer to open positions, so Plaintiff was ineligible as she was on a final warning. Amber Butcher, age 38, was selected for the position.

In March 2016, Plaintiff met with Schumann and others to discuss completion of the quality control testing and improvement of her attitude toward her co-workers. When Plaintiff failed to complete the calibration/verification by the deadline set at this meeting, deadlines for completion were reset at a second meeting. Although Plaintiff asserts she completed the assigned task the next day, Defendant contends she was still working on it five days later.

6

During this same month, Plaintiff was asked to correct a procedural error she made in a patient's medical record, but failed to correct it as directed.[3]

On April 5, 2016, Plaintiff was terminated for her unprofessional attitude toward co-workers, her disregard of patient care, and her failure to follow her supervisor's directives and complete assigned tasks. When her employment was terminated, Plaintiff was 53 years old. At the time of her termination, Schumann was age 50 and the other individuals employed by the lab with Plaintiff's job description were ages 56, 57, 63, 70, and 72. Penny Thiel, age 70, assumed Plaintiff's position after she was terminated.

In her response in opposition, Plaintiff asserts the disciplinary actions against her were unwarranted and constituted pre-text to terminate her based on her age. Although Plaintiff contacted Human Resources and the Vice President of Patient Care Services concerning issues with her job, Plaintiff made no mention of alleged discriminatory treatment. Moreover, in her deposition Plaintiff conceded that no one at SSM mentioned her age. In her response in opposition to Defendant's motion for summary judgment, however, she asserts that when her desk was cleared out on February 9, 2015, Schumann told her, "If you want to live like an old slob, then find another job." (ECF No. 61 at 4).

## Discussion

Under the ADEA, an employer is prohibited from discriminating against an employee because of his or her age. 29 U.S.C. § 623(a). "A plaintiff may establish her claim of intentional

---

[3] Plaintiff disputes this contention but fails to offer the required support in the record refuting it in accordance with Federal Rule of Civil Procedure 56 and Local Rule 7 – 4.01. Unsupported and speculative allegations are insufficient to defeat summary judgment. *See Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (to withstand summary judgment, plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in her favor based on more than mere speculation, conjecture, or fantasy); *Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025, 1028 (8th Cir. 2006) (speculation and conjecture are insufficient to defeat summary judgment).

age discrimination through either direct evidence or indirect evidence." *King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009). "'Direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action.'" *Id.* (quoting *Ramlet v. E.F. Johnson Co.,* 507 F.3d 1149, 1152 (8th Cir. 2007) (internal quotation and alteration omitted)). "'[S]tray remarks in the workplace, statements by nondecisionmakers, and statements by decisionmakers unrelated to the decisional process do not constitute direct evidence.'" *Id.* (quoting *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.*, 444 F.3d 961, 966 (8th Cir. 2006) (internal quotation marks omitted)).

Where the plaintiff presents direct evidence of discrimination, the court analyzes her claim under the mixed-motives framework established in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 278–79, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring). *Schierhoff,* 444 F.3d at 965. "Alternatively, where the plaintiff presents indirect evidence of discrimination, the court analyzes her claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *King*, 553 F.3d at 1160. "Direct evidence . . . may include evidence of actions or remarks of the employer that reflect a discriminatory attitude, comments which demonstrate a discriminatory animus in the decisional process, or comments uttered by individuals closely involved in employment decisions." *Id.* (citing *King v. Hardesty*, 517 F.3d 1049, 1058 (8th Cir. 2008) (internal quotations omitted)).

In this case, Plaintiff has testified that no one at SSM mentioned her age. The only potential direct evidence offered by Plaintiff of any age-related discriminatory animus is the allegation set forth in her response in opposition that Schumann told her after clearing out her

desk, "[i]f you want to live like an old slob, then find another job." (ECF No. 61 at 4). With regard to this statement, the Court first observes that Plaintiff is not in compliance with Fed. R. Civ. P. 56(c)(1) or Local Rule 4.01(E) as she fails to support her assertion with citation to the record or appropriate documentation. Moreover, Plaintiff fails to show this comment was linked to or motivated her discharge in any way as it allegedly occurred 14 months before Plaintiff was terminated. *See Ramlet*, 507 F.3d at 1153 (holding that comments made more than four months prior to the adverse employment action were not connected to the decision making process and therefore were not direct evidence). Because this comment did not relate to her termination, the Court finds it is unrelated to the decisional process itself and does not constitute direct evidence. *See Schierhoff*, 444 F.3d at 966.

Thus, the Court will turn to the indirect evidence offered by Plaintiff and apply the *McDonnell Douglas* burden shifting test. *Farnsworth v. Covidien, Inc.*, No. 4:08-cv-1689 (ERW), 2010 WL 147812, at *13 (E.D. Mo. Jan. 11, 2010). Under this framework, Plaintiff must first establish a prima facie case of discrimination. The prima facie case creates a rebuttable presumption of discrimination. *Burdine v. Texas Dept. of Community Affairs*, 450 U.S. 248, 254 (1981). To make such a case under the ADEA, the plaintiff must ordinarily show that she: 1) was at least forty years old; 2) suffered an adverse employment action; 3) was meeting her employer's legitimate expectations at the time of the adverse employment action; and 4) was replaced by a younger worker. *See Gibson v. American Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012); *Hitt v. Harsco Corp.*, 356 F.3d 920, 924 (8th Cir. 2004). Once the plaintiff creates this rebuttable presumption, the defendant must advance a legitimate, non-discriminatory reason for the employment action. *Gibson*, 670 F.3d at 856. If the defendant

carries this burden, then the burden shifts back to the plaintiff to show that the employer's proffered reason is merely a pretext for discrimination. *Burdine*, 450 U.S. at 253.

In Count I of her Complaint, Plaintiff alleges two acts of discrimination—that she was denied a transfer (to the position of Laboratory Central Processing/MT Coordinator) because of her age and that she was terminated because of her age. As an initial matter, Defendant contends the Court should grant summary judgment on Plaintiff's failure to transfer claim as Plaintiff failed to exhaust it.

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA." *Anderson v. Durham D&M, LLC*, 606 F.3d 513, 523 (8th Cir. 2010). To satisfy this exhaustion requirement, "[t]he information given in a [ ] ... charge [of discrimination] must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006). However, "there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir.2006) (internal quotation marks and citation omitted). Allegations outside the scope of those included in the EEOC charge cannot be later pursued in a party's federal lawsuit. *Robertson v. Budrovich Excavating, Inc.*, No. 4:05-cv-616 (ERW), 2006 WL 2460794, at *5 (E.D. Mo. Aug. 23, 2006).

This Court finds Plaintiff failed to exhaust her administrative remedies with respect to her allegation that she was denied a transfer to the Laboratory Central Processing/MT Coordinator position. In the section of her EEOC charge of discrimination describing the particulars of her charge, Plaintiff alleges only that she was fired so Defendant could replace her with a younger

employee. Thus, because Plaintiff's charge is confined to this allegation – that she was terminated based upon her age – and did not allude to a failure to transfer, Plaintiff's claim that she was passed over for the position of Laboratory Central Proc/MT Coordinator in favor of a younger person is foreclosed because she failed to exhaust her administrative remedies.

Accordingly, the Court turns to whether Plaintiff has stated a prima facie case for her sole remaining allegation—that she was terminated based upon her age. Under the *McDonnell Douglas* burden shifting test, Plaintiff must first establish the four elements of a prima facie case of discrimination under the ADEA. The Court finds that Plaintiff cannot do so. While it is clear Plaintiff was a member of a protected age group, and that she was discharged from her position with Defendant, Plaintiff does not show she was performing her job at a level that met Defendant's legitimate expectations, or that she was replaced by a younger worker. Plaintiff only offers conclusory allegations in her Complaint that she "performed her job duties satisfactorily, performing at or above the level of Defendant's legitimate and reasonable expectations . . . ." (ECF No. 16 at 5). Additionally, Plaintiff cannot establish she was replaced by a younger worker as Penny Thiel, age 70, assumed Plaintiff's position after she was terminated.

Even if Plaintiff could establish a prima facie case of discrimination, Defendant has articulated a legitimate, nondiscriminatory reason for her termination, and Plaintiff has failed to show this reason to be pretext for discrimination. Specifically, the undisputed evidence shows that Plaintiff failed to complete her quality control duties and comply with numerous directives from Schumann even though she was assigned desk time to relieve her of her other duties and provided assistance to perform the testing. The evidence also shows Plaintiff also exhibited an unprofessional attitude towards her co-workers and failed to correct a procedural error that could

have impacted a patient's care. Based upon her conduct and failure to perform her duties, Plaintiff received a documented verbal warning, written warning, and final warning from Defendant before she was terminated.

The Court finds Defendant has articulated a non-discriminatory reason for Plaintiff's termination. Plaintiff has not met her burden to show that Defendant's proffered reason is merely a pretext for discrimination. Plaintiff has failed to offer any evidence whatsoever that her age was a factor in Defendant's decision to terminate her employment. Under the *McDonnell Douglas* standard, this Court concludes that Plaintiff has failed to show she was discriminated against because of her age, in violation of the ADEA. The Court will grant summary on this claim in favor of Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (ECF No. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that the docket entries for Plaintiff's erroneously titled "Motions for Summary Judgment" (ECF Nos. 60, 61) shall be amended to correctly title the documents as responses in opposition to Defendant's motion for summary judgment.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 63) is **DENIED** as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

So ordered this 4th day of January, 2019.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**