# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MARY J. HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-CV-00014-ERW |
| ) | |
| SSM AUDRAIN HEALTHCARE, INC., ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant SSM Audrain Healthcare, Inc.'s Bill of Costs [68].

**BACKGROUND**

On March 10, 2017, Plaintiff Mary J. Harrison ("Plaintiff") filed a complaint against SSM Audrain Healthcare, Inc. ("Defendant") for alleged age discrimination. ECF No. 1. On, January 4, 2019, this Court granted Defendant's Motion for Summary Judgement [ECF No. 59] on all remaining claims. Defendant filed a motion for a bill of costs to which Plaintiff has objected.

**BILL OF COSTS STANDARD**

A district court has broad discretion over awarding of costs to a prevailing party. *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citation omitted). Before any bill of costs is taxed, the party claiming any item of cost or disbursement must attach an affidavit, having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that services for which fees have been charged were actually and necessarily preformed. 28 U.S.C. §1924. Costs which may be taxed include:

1

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of [Title 28 U.S.C.];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28 U.S.C.].

28 U.S.C. §1920. The losing party bears the burden of overcoming the presumption the prevailing party is entitled to recover all costs covered by §1920. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).

**DISCUSSION**

Defendant's Bill of Costs lists three items: (1) court reporter written transcript services for Plaintiff's November 30, 2017 deposition in the amount of $1,967.25; (2) videographer services for Plaintiff's November 30, 2017 deposition in the amount of $965.00; and (3) copies of records from the Missouri Department of Labor in the amount of $24.25. The Court will address the items as follows:

*A.      Transcript and Video Recording Fees for Plaintiff's Deposition*

Plaintiff opposes Defendant's request for fees relating to written deposition transcripts and videography of the same deposition. The recovery of costs for both printed and electronically recorded transcripts of the same deposition is permissible, as long as each transcript was necessarily obtained for use in the case. *Stanley*, 784 F.3d at 465 (citations omitted). While courts have found it permissible for both printed and electronically recorded deposition fees to be assessed for the same deposition, the circumstances surrounding the fees determine whether they are necessarily obtained for use in the case. *See Id.* at 466-67. The complaint, in the present case, does not reasonably create the likelihood of complexity, or other

2

factors, making it necessary to have both the written transcript and video of Plaintiff's deposition. As such, this Court will tax Plaintiff for only the transcript of the deposition on November 30, 2017, and not for videography services of the same event.

B.  *Postage and Delivery Expenses*

Section 1920 does not authorize taxing for postage and delivery expenses. *Smith v. Tenet Health System SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citations omitted). As such, Defendant's Bill of Cost line item in the amount of $1,967.25 for written transcription services relating to Plaintiff's November 30, 2017 deposition will be reduced by $79.00, the amount billed for shipping and handling. *See* Exhibit A, ECF No. 69. The Court will tax Plaintiff the remainder of the cost in the sum of $1,888.25.

C.  *Missouri Department of Labor Records*

Defendant's costs to obtain relevant Missouri Department of Labor records were reasonable and necessarily obtained for use in the case. Labor records are clearly reasonable and necessary where Plaintiff has put an employment action at issue in the complaint. Therefore, the Court finds Defendant's cost of $24.25 for Missouri Department of Labor records to be taxable.

D.  *Conclusion*

In conclusion, Defendant cannot show it was reasonable and necessary to have both written transcripts and video recordings of Plaintiff's deposition; thus, only costs for the written transcript will be taxed. Further, shipping and handling costs for the written transcript are not taxable by this Court and will be removed from the total cost, leaving $1,888.25 remaining. Lastly, Defendant's costs obtaining copies of Missouri Department of Labor records are reasonable and relevant in this case where Plaintiff has put an employment action at issue; Defendant's cost of $24.25 will be taxed. Thus, the total cost taxable to Plaintiff is $1,912.50.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant SSM Audrain Healthcare, Inc.'s Bill of Costs is **GRANTED**, in part, and **DENIED**, in part. Defendant cannot recover the costs of videography, $965.00, or shipping and handling of the written transcripts in the amount of $79.00. All other costs are taxable. Plaintiff is taxed in the amount of $1,912.50.

So Ordered this 9th day of April, 2019.

*E. Richard Webber* (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE